# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH TOMLINSON,<br><br>    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NOS. 06-cr-2222-L<br>               11-cv-1665-L<br><br>ORDER DENYING CERTIFICATE<br>OF APPEALABILITY |

On April 16, 2012, Petitioner Brian Keith Tomlinson filed a request for a certificate of appealability pursuant to 28 U.S.C. § 2253. The final order challenged by Petitioner is in a proceeding under 28 U.S.C. § 2255.

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Banks v. Dretke*, ___ U.S. ___, 124 S.Ct. 1256, 1280 (2004). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Petitioner argues that he has made a substantial showing "that his constitutional right to habeas corpus review has been denied since it is 'debatable among jurists of reason:' (1) whether [his] prior

convictions are aggravating factors that must be . . . proven beyond a reasonable doubt; and (2) whether *Apprendi v. New Jersey*, 530 U.S. 466 (2000), should be applied retroactively." (*Doc. 131*, at 4.) Neither of these arguments has merit. Petitioner was sentenced within the applicable guideline ranges and in accordance with his Plea Agreement. *Apprendi* predates his conviction, making retroactive application nonsensical, and it is nonetheless inapplicable.

After reviewing the matter, this Court finds that probable cause does not exist for the appeal. On March 26, 2012, this Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (*Ord. Denying Motion, at 2*.) This Court issued an order explaining in detail the bases for its finding that Petitioner made a valid waiver of his right to appeal or to collaterally attack the judgement and sentence. (*Id.*) In short, this Court found that Petitioner was sentenced in accordance with his negotiated Plea Agreement; that Petitioner knowingly and voluntarily entered into the Plea Agreement and that theTranscript of the Proceedings indicated the requirements of Rule 11 of the Federal Rules of Crimonal Procedure were adhered to; and that Petitioner's claim of ineffective assistance of counsel did not invalidate his waiver. The analysis in that order stands, and we are not persuaded that reasonable jurists could disagree with the resolution of Petitioner's claims.

Because Petitioner has not made a substantial showing of a denial of a Constitutional right, his request for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 24, 2012,

_____
M. James Lorenz
United States District Court Judge